# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br> vs.<br>JORGE CORDOVA-VILLA,<br><br>       Defendant. | CASE NO. 16CR1727 WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion to dismiss the information under § 1326(d) filed by the Defendant Jorge Cordova-Villa. (ECF No. 11).

## FACTUAL BACKGROUND

On May 6, 1993, an Immigration Judge ordered Defendant removed from the United States under Section 241(a)(1)(B) on the grounds that he entered the United States without inspection. (ECF No. 11-2 at 13).

On April 9, 1996, an Immigration Judge ordered Defendant removed under Section 241(a)(1)(B). (ECF No. 11-2 at 17).

On September 9, 1997 an Immigration Judge ordered Defendant removed from the United States. (ECF No. 14-1 at 13).[1] The Warrant of Removal shows that Defendant was removed on September 9, 1997 pursuant to Section 212(a)(6)(A)(i). (ECF No. 14-1 at 17-18).

On October 8, 1997, Defendant was convicted of illegal entry in violation of 8

---

[1] This document (ECF No. 14-1 at 13) is not readeable other than the date.

U.S.C. § 1325 and sentenced to "45 days in jail." (ECF No. 14-1 at 23).

On November 21, 1997, Defendant was removed from the United States pursuant to a reinstatement of his September 9, 1997 removal order. (ECF No. 14-1 at 26-32).

On December 30, 1997, Defendant was served with a Notice To Appear for removal proceedings. (ECF No. 11-2 at 23). The Notice alleged that

> 1. You are an arriving alien.
> The Service alleges that you:
> (4.) On or about December 29, 1997, applied for admission into the United States, at the San Ysidro Port of Entry, and orally claimed to be a United States citizen, by birth in Puerto Rico.
> (5.) You are a citizen and national of Mexico, and have no legal right to either enter, pass through or remain in the United States.
> (6.) You falsely represented yourself to be a citizen of the United States, and are not in possession of a valid entry document as is required by the Act.
> (7.) You are ineligible for admission to the United States because: you have been ordered removed under section 235(b)(1) or any other provision of law on or about November 24, 1997, or you departed the United States while an order of removal was outstanding.
> (8.) You are seeking admission within twenty years of the date of that removal. You did not obtain prior consent to reapply for admission from the Attorney General before reembarkation at a place outside the United States or seeking admission from foreign contiguous property.

(ECF No. 11-2 at 23). Defendant was charged with removal pursuant to "*212(a)(6)(C)(ii) any alien who falsely represented himself or herself to be a citizen of the United States for any purpose or benefit. . . .*" *Id.*

On January 2, 1998, Defendant was ordered deported by an Immigration Judge. (ECF No. 11-2 at 21). Defendant was removed the same day. (ECF No. 14-1 at 34.)

No recordings of the removal proceedings have been provided to defense. Defendant states in a declaration that he does not recall the Immigration Judge at these proceedings informing him about voluntary departure or withdrawal of application, and that he would have applied for relief from removal had he been so informed. (ECF No. 11-2 at 3-4).

On May 12, 2016, Defendant was arrested by border patrol agents approximately one mile west of the Tecate Port of Entry.

On July 27, 2016, a two-count Information was filed charging in Count 1, attempted entry of a removed alien in violation of 8 U.S.C. § 1326 (a) and (b); and in

Count 2, improper entry by an alien in violation of 8 U.S.C. § 1325.  (ECF No. 1).

On October 3, 2016, Defendant moved the Court to dismiss the Information pursuant to 8 U.S.C. § 1326(d) on the grounds that his prior removals are invalid.

**APPLICABLE STANDARD**

A predicate removal order is a necessary element of a § 1326 prosecution.  Under 8 U.S.C. § 1326(d), an alien criminal defendant may not challenge the validity of a removal order "unless the alien demonstrates that – (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d).  The entry of a removal order is fundamentally unfair for the purposes of § 1326(d)(3) only if the removal proceeding violated the alien's due process rights and the alien suffered prejudice as a result. *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010).

**CONTENTIONS OF THE PARTIES**

Defendant asserts that his 1993, 1996, and 1997 removals violated his due process rights because the Immigration Judge failed to explain that he was eligible for voluntary departure, failed to give him a meaningful opportunity to apply for voluntary departure, and denied relief without weighing any of the applicable factors.  Defendant contends that he was not informed of or given a meaningful opportunity to apply for withdrawal of application before the Immigration Judge at his 1998 removal hearing. Defendant asserts that he can show prejudice through his demonstration of statutory eligibility for withdrawal of application.  Defendant further contends that he suffered prejudice because it was plausible that he would have been granted withdrawal of application under 8 C.F.R. § 1240.1(d) if the due process violation had not occurred. Defendant further asserts that the lack of a sufficient record impermissibly precludes judicial review and requires this court to dismiss the information.

The Government addresses only the validity of the 1998 removal order.  The Government asserts that there is no requirement that the Immigration Judge advise an

alien of an opportunity to request withdrawal of his application for admission. The Government further contends that Defendant had no plausible grounds for relief by withdrawal of application for admission at his January 2, 1998 removal proceedings because he had made a false claim to citizenship. The Government asserts that it is not plausible that Defendant would have received relief during his 1998 removal proceeding and that Defendant has suffered no prejudice.

### RULING OF THE COURT

"Although the Government has the burden of proving the element of a prior deportation, the lawfulness of the prior deportation is not an element of the offense under § 1326. The government merely needs to prove that [the defendant] was in fact deported." *United States v. Medina*, 236 F.3d 1028, 1030 (9th Cir. 2001)(internal quotations omitted). The Court of Appeals explained,

> With regard to the element of prior deportation, the government merely needs to prove that a deportation proceeding actually occurred with the end result of Medina being deported. The use of a deportation order or warrant in those circumstances does not require the inappropriate and improper reliance on a factual finding from a prior administrative proceeding. Instead, it merely shows that the proceeding actually occurred. No factual inferences or findings need be drawn from that warrant or order. There is no reason to require the government to produce further evidence, such as transcripts or tape recordings, in proving this element.

*Id.* at 1031. The Court of Appeals expressly agreed with the reasoning of the Fifth Circuit that "[T]he lack of transcript availability clearly does not invalidate use of a prior deportation to establish the deportation as an element necessary to prove the crime." *Id.* quoting *United States v. Palacios-Martinez*, 845 F.2d 89, 91 n.4 (5th Cir.), *cert. denied* 488 U.S. 844 (1988). "However, defendants charged under § 1326 can preclude the government from relying on a prior deportation proceeding if the deportation proceeding was so procedurally flawed that it effectively eliminate[d] the right of the alien to obtain judicial review. In order to collaterally attack his prior deportation, [the defendant] must show that the deportation hearing was fundamentally unfair and that he was prejudiced by the error." *Id.* (internal quotations and citation omitted).

"[T]he Supreme Court has ruled that when Congress enacts a procedure, aliens

are entitled to it." *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1084 (9th Cir. 2011). However, the Court of Appeals stated in *United States v. Cisneros-Resendiz*, 656 F.3d 1015, 1019 n. 7 (9th Cir. 2011):

> We have held that an IJ presiding over a removal hearing has a duty to inform an alien of his or her "apparent eligibility" for certain kinds of immigration relief, and that an IJ's failure to perform this duty constitutes a due process violation that "can serve as the basis for a collateral attack" under § 1326(d). *United States v. Lopez–Velasquez*, 629 F.3d 894, 896–97 (9th Cir.2010) (en banc). We have never held, however, that withdrawal of an application for admission qualifies as an immigration "benefit" to which 8 C.F.R. § 1240.11(a)(2)'s duty to inform applies. Cf. *United States v. Calderon–Segura*, 512 F.3d 1104, 1108 (9th Cir.2008) (assuming but not deciding that the IJ's duty to inform applies to withdrawal).

In this case, Defendant does not cite any statute or the regulation which requires that an immigration judge advise the alien of an opportunity to request withdrawal of his application for admission at the removal proceeding. The record in this case does not support a finding of a due process violation in the 1998 removal proceedings. However, even assuming a duty to inform and a due process violation, Defendant is required to "make a 'plausible' showing that the facts presented would cause the Attorney General to exercise discretion in his favor." *Barajas–Alvarado*, 655 F.3d at 1089 (citing *United States v. Arce–Hernandez,* 163 F.3d 559, 563 (9th Cir.1998)).

The Court of Appeals follows a two step process "[t]o assess whether a defendant has shown that he would plausibly have been granted a discretionary form of relief from removal." *United States v. Raya-Vaca*, 771 F.3d 1195, 1206 (9th Cir. 2014). "First, we identify the factors relevant to the [agency's] exercise of discretion for the relief being sought. Second, we determine whether, in light of the factors relevant to the form of relief being sought, based on the unique circumstances of the [defendant's] own case, it was plausible that the agency official considering the defendant's case would have granted relief from removal." *Id.* (internal quotations and citations omitted).

8 C.F.R. § 1240.1(d) provides,

> (d) Withdrawal of application for admission. An immigration judge may allow only an arriving alien to withdraw an application for admission. Once the issue of inadmissibility has been resolved, permission to withdraw an application for admission should ordinarily be granted only with the concurrence of the Service. An immigration judge shall not allow an alien to withdraw an application for admission unless the alien, in

>addition to demonstrating that he or she possesses both the intent and the means to depart immediately from the United States, establishes that factors directly relating to the issue of inadmissibility indicate that the granting of the withdrawal would be in the interest of justice. During the pendency of an appeal from the order of removal, permission to withdraw an application for admission must be obtained from the immigration judge or the Board.

8 C.F.R. § 1240.1(d). In *Cisneros-Resendiz*, 656 F.3d 1015 (9th Cir. 2011), the Court of Appeals explained,

>Because § 1240.1(d) essentially mirrors the BIA's ruling in *[In re Gutierrez*, 19 I. & N. Dec. 562 (BIA 1988)] we interpret the key criterion, that the alien must establish "that factors directly relating to the issue of inadmissibility indicate that the granting of the withdrawal would be in the interest of justice," in light of that decision.
>
>Although *Gutierrez* did not provide a comprehensive list of the "factors directly relating to the issue of inadmissibility," *Gutierrez* does make clear that equitable considerations such as the length of the alien's presence in the United States, the alien's employment record, the strength of the alien's family ties to the United States, the alien's U.S. citizen children, and the fact that the alien has a spouse who will be eligible for citizenship in the near future, are not such factors. 19 I. & N. Dec. at 565. Rather, the relevant factors are those directly relating to the grounds that Congress has identified for an alien's inadmissibility, such as entry into the United States by means of fraud or conviction of specified crimes. See generally 8 U.S.C. § 1182(a)(2) (stating that being convicted of certain crimes, such as drug offenses, render an alien inadmissible); § 1182(a)(6)(C)(i) (stating that aliens who seek admission into the United States "by fraud or willfully misrepresenting a material fact" are inadmissible). Thus, following the logic of *Gutierrez*, an IJ deciding whether to permit withdrawal would not consider equitable considerations, but would consider the reasons for the alien's inadmissibility and whether those reasons establish that it would be "in the interest of justice" to allow the alien to avoid a formal removal order. See 62 Fed.Reg. at 10,313 (stating that one of the purposes of allowing withdrawal is to prevent "aliens who may be inadvertently or unintentionally in violation of the immigration laws or regulations" from being "subject to the harsh consequences of a formal removal order" (emphasis added)).

*Id.* at 1020-21.

In this case, Defendant was deemed inadmissible pursuant to 8 U.S.C. § 212(a)(6)(C)(ii) for falsely represented himself to be a citizen of the United States, and 8 U.S.C. § 212(a)(7)(i)(I) for not having valid documents for entry into the United States at his 1998 removal proceeding. The Notice To Appear charged that "You falsely represented yourself to be a citizen of the United States, and are not in possession of a valid entry document as is required by the Act." (ECF No. 11-2 at 23). Defendant asserts that he had intent and financial ability to immediately depart the country at the

time of his 1998 removal proceedings, and that he had significant family ties and support in the United States. However, Defendant fails to set forth any facts directly related to the issue of his inadmissiblity. The equitable considerations relied upon by the Defendant are not appropriate grounds to grant relief in the removal proceedings before the Immigration Judge. *See Cisneros-Resendiz*, 656 F.3d at 1019 ("an IJ deciding whether to permit withdrawal would not consider equitable considerations, but would consider the reasons for the alien's inadmissibility."). *See also, United States v. Gonzalez-Villanueva*, No. 15cr 2224 BTM, 2016 WL 3552006 (S.D.Cal. June 29, 2016) ("Because Gonzalez has not alleged any factors relating to his inadmissibility, he has failed to establish a plausible basis for relief.") and *United States v. Nava*, No. 11cr1199 WGH, 2011 WL 4899954 (S.D.Cal. October 13, 2011) affirmed 544 Fed. Appx. 737 (2013) (same).

The Court concludes that the Defendant has not identified any facts relating to his admissibility at the time of his 1998 removal proceedings that would establish that withdrawal of application was a plausible form of relief. Under the facts of this case, the absence of the transcript of the 1998 removal hearing "does not . . . effectively eliminate the right of the alien to obtain judicial review" and would not preclude the use of the 1998 removal order.[2] *Medina*, 236 F.3d at 1032.

IT IS HEREBY ORDERED that the motion to dismiss the information due to an invalid deportation (ECF No. 11) is denied.

DATED: January 12, 2017

**WILLIAM Q. HAYES**
United States District Judge

---

[2] The Court makes no determination that any other removal order is valid.